IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DEANDRE BRADLEY,<br>#M05197,<br><br>      Plaintiff,<br><br>v.<br><br>BOB JEFFREYS,<br>FRANK LAWRENCE,<br>M. SIDDIQUI,<br>CASSIE CHITTY,<br>BRENDA OTJEN,<br>JANE DOE #1,<br>MS. CANNON,<br>JOESPH GOETZ,<br>JERRY WHITHOFT, and<br>JOHN DOE #2,<br><br>      Defendants. | Case No. 19-cv-00733-NJR |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Deandre Bradley, an inmate an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Menard Correctional Center ("Menard"), brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983 for excessive force and deliberate indifference to his medical needs and for violations of the Americans with Disabilities Act, 42 U.S.C. §§ 12101-213 and the Rehabilitation Act, 29 U.S.C §§ 794-94e. Along with his Complaint, Bradley filed a Motion for Temporary Restraining Order ("TRO") and Preliminary Injunctive Relief. (Doc. 2). Because Bradley's Motion contained allegations that he had been denied food and medication, on July 11, 2019, the Court issued a TRO ordering Defendant Frank

Lawrence, as warden of Menard, to ensure that Bradley was immediately provided with food and given all prescription medications in accordance with the prescribing medical personnel's instructions. (Doc. 6, pp. 1-2). The request for a preliminary injunction to see an outside specialist for physical issues remained pending, and Defendants Dr. Siddiqui and Lawrence were ordered to file a response. (Doc. 5, p. 15). Defendants filed a response on December 16, 2019. (Docs. 31, 32). Bradley did not file a reply, but on January 6, 2020, he filed a Motion to Voluntarily Dismiss Motion for Preliminary Injunction.

In the motion to dismiss, Bradley claims that he will be released from custody in 120 days and that, as a hearing has not yet been scheduled on the motion, even if the preliminary injunction motion was granted, it would take far too long to receive treatment from an outside source. (Doc. 34, pp. 1-2). Bradley states that he will seek "real medical treatment" once he is home, and therefore, would like to withdraw his motion for preliminary injunction. (*Id.* at p. 2).

As stated in the Merit Review Order (Doc. 5, p. 13), a preliminary injunction is an "extraordinary and drastic remedy" for which there must be a "clear showing" that a plaintiff is entitled to relief. *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). The purpose of an injunction is "to minimize the hardship to the parties pending the ultimate resolution of the lawsuit." *Faheem-El v. Klincar*, 841 F.2d 712, 717 (7th Cir. 1988). A plaintiff has the burden of demonstrating:

    1. a reasonable likelihood of success on the merits;

    2. no adequate remedy at law; and

    3. irreparable harm absent the injunction.

*Planned Parenthood v. Comm'r of Ind. State Dep't Health*, 699 F.3d 962, 972 (7th Cir. 2012).

At the time the Court deferred ruling on the motion, the Court found that Bradley had not set forth specific facts demonstrating the likelihood of immediate and irreparable harm before the Defendants could be heard. (Doc. 5, p. 14). The Court determined that Bradley's condition had been diagnosed, and he had access to medical care. The fact that he considered the diagnosis inadequate did not suggest that he was in imminent danger from the condition. (*Id.*). Bradley's request to withdraw the motion for preliminary injunction because he prefers to wait to receive treatment once he is released from custody supports the conclusion that he has not demonstrated irreparable harm without an injunction requiring Defendants to send him to an outside specialist. *See Tolentino v. Baker*, 679 F. App'x 503, 505 (7th Cir. 2017) (ruling that plaintiff's "disagreement with the medical staff's decision to treat him without an MRI [did] not show that he [was] likely to suffer permanent injuries.") (citations omitted).

Accordingly, Bradley's Motion to Voluntarily Dismiss Motion for Preliminary Injunction is **GRANTED** (Doc. 34), and the request for preliminary injunctive relief (Doc. 2) is **WITHDRAWN.**

**IT IS SO ORDERED.**

DATED: January 14, 2020

_____
**NANCY J. ROSENSTENGEL
Chief U.S. District Judge**